United States District Court
Southern District of Texas
**ENTERED**
January 30, 2018
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ALI ABBAS, *et al*, | § § § | |
| Plaintiffs, | § | |
| VS. | § | CIVIL ACTION NO. 4:16-CV-00258 |
| | § | |
| NILKANTH NARAYAN, LLC, *et al*, | § § | |
| Defendants. | § § | |

## **FINAL JUDGMENT**

Before the Court is Plaintiffs' Motion for Entry of Judgment (Doc. #63), and Defendants' Response (Doc. #64). On May 2, 2017, the jury returned a verdict in favor of Plaintiff Jessica Curtis, awarding her $19,289.46 in overtime wages pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*. Plaintiff now moves for an award of liquidated damages, attorney's fees and costs, and post-judgment interest.

Section 216(b) of the FLSA provides for "an additional equal amount in liquidated damages." 29 U.S.C. § 216(b). The purpose of liquidated damages is to "compensate an employee for delay in payment." *Reich v. Helicopter Servs., Inc.*, 8 F.3d 1018, 1031 (5th Cir. 1993) (citing *Brooklyn Savings Bank v. O'Neil*, 324 U.S. 697, 715–16 (1945)). In determining the amount of liquidated damages, there is a strong presumption in favor of doubling the damage award. *Riddle v. Tex-Fin, Inc.*, 2011 WL 1103033, at *4 (S.D.Tex. Mar. 22, 2011) (citing *Nero v. Indus. Molding Corp.*, 167 F.3d 921, 929 (5th Cir. 1999). Additionally, the FLSA provides that "[t]he court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant." 29 U.S.C. § 216(b). It is within the Court's discretion to decide whether to adjust the attorney's fees upward or downward under the factors set out in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir.

1974). Considering the customary fee for similar legal work, awards in similar cases, the lack of novelty and difficulty of the issues in the case, experience of counsel, and the degree of success obtained in this case, the Court finds a reduction in the hourly rate from $475 to $400 is appropriate.

Having considered the motion, submissions, and applicable law, the Court determines that Plaintiff's Motion should be granted. Accordingly, the Court enters judgment as follows:

1. $19,289.46 in actual damages;

2. $19,289.46 in liquidated damages;

3. $86,000 in attorney's fees (215 hours at $400 per hour) and $1,372.65 in costs;

4. Post-judgment interest at the applicable rate, as provided by law, on the total judgment amount from the date of the entry of Final Judgment until it is satisfied.

It is so ORDERED.

_____
JAN 3 0 2019
Date

_____
The Honorable Alfred H. Bennett
United States District Judge